

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF OREGON**

TRISH M. BROWN
CHIEF JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1592

STEPHEN A. RAHER
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

October 5, 2017

Matthew A. Arbaugh
Arbaugh Law, P.C.
121 SW Morrison St., Suite 1520
Portland, OR 97204

Dustin James Wolf
Amber Marie Wolf
9735 SW McDonald St.
Tigard, OR 97224

Re: *Clearway Realty, LLC v. Dustin James Wolf & Amber Marie Wolf*, Adv. Proc. No. 17-3064-tmb
*In re Dustin & Amber Wolf*, Case No. 17-30416-tmb7
Plaintiff's Motion for Summary Judgment

Dear Mr. Arbaugh and Mr. & Mrs. Wolf:

This matter came before the court on a Motion for Summary Judgment (the "Motion," ECF No. 20) filed by plaintiff Clearway Realty, LLC ("Clearway") in the above-referenced adversary proceeding. Plaintiff filed the Motion on September 5, 2017. Debtors have not responded. I write today to announce the court's ruling.

Background
Debtors filed a voluntary chapter 7 petition on February 10, 2017, and received a discharge on May 16, 2017. Debtors' schedule E/F lists an unsecured debt owing to Clearway in the amount of $11,650. Main Case ECF No. 1 (schedule E/F, line 4.47). Clearway filed a timely adversary complaint seeking a determination that its claim is nondischargeable under § 523(a)(2). Debtors answered the complaint by generally denying Clearway's allegations, and raising various factual allegations in response.

Facts
The parties agree that Debtors rented property located at 9735 SW McDonald Street, in Tigard, from Clearway. *See* Answer (ECF No. 9), at 1.[1] Clearway alleges that, as part of the rental process, Debtors submitted a rental application to Clearway on April 25, 2016. Pltf's Concise

---

[1] Even though Debtors apparently concede their joint liability to Clearway, it is not entirely clear from the record how Mr. Wolf is liable. All of the leasing documents submitted by Clearway (consisting of a rental application, rental agreement, lead based paint disclosure, notice of smoking policy, smoke detector acceptance, mold addendum, and yard care addendum) are signed only by Clearway and Amber Wolf. *See* Decl. of Christopher Schwindt (ECF No. 19), Exhs. 1 and 6.

Stmt. of Material Facts ("CSF," ECF No. 18) ¶ 2. Clearway further alleges that it decided to rent the property to Debtors in reliance on the statements in the application, several of which were materially false. *Id.* ¶¶ 3-8.

Legal Standard

A court should grant summary judgment on a claim "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (applicable through Fed. R. Bankr. P. 7056). The movant has the burden of establishing that there is no disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the non-moving party. *Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1040 (9th Cir. 2003). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247 (1986). A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a finder of fact might return a verdict in its favor. *Id.* at 257.

Clearway seeks summary judgment under § 523(a)(2)(B). A debt is nondischargeable under § 523(a)(2)(B) if it is for money, property, services, or an extension of credit that is obtained by the debtor's use of a false written statement regarding the debtor's financial condition. To prevail, a creditor must prove by a preponderance of evidence that a debtor made a material representation of fact, which debtor knew at the time to be false, and which was made with the intent of deceiving creditor; that the creditor reasonably relied on the statement, and was proximately damaged thereby. *Cascho Fin. Servs. v. McGee (In re McGee)*, 359 B.R. 764, 772 (9th Cir. BAP 2006).

Analysis

Although Debtors have not responded to the Motion, the court has an independent duty to ensure that Clearway has properly put on a prima facie case. Nondischargeability is an exception to the Bankruptcy Code's policy of providing a fresh start, and it is therefore especially important in a § 523 action that the plaintiff provide evidence sufficient to support its claims.

The Motion relies on several alleged misrepresentations made by Debtors; however, all such purported misrepresentations are contained within one document: a rental application dated April 25, 2016. CSF ¶ 2. The copy of the application that has been submitted by Clearway is signed by Amber Wolf only. Decl. of Christopher Schwindt (ECF No. 19), Exh. 1 at 3. There is no evidence suggesting that Dustin Wolf adopted or otherwise ratified the application signed by Amber Wolf, nor did he sign any of the other documents related to the leasing process. *See supra*, footnote 1. Accordingly, the Motion must be denied as to Dustin Wolf.

Because Amber Wolf did sign the application, it is clear that she made a written representation to Clearway. Furthermore, because Debtors have already conceded that they owe $11,650 to Clearway for unpaid rent and other charges due under a rental agreement, the issue of damages does not appear to be contested. I am also satisfied by Clearway's allegations that it reasonably relied upon the rental application when making a decision to rent property to Debtors. Finally, I am persuaded that, because Clearway's claim arises from its lease of real property to the Debtors,

the claim is "for property . . . obtained by . . . [debtor's] use of" an allegedly false statement. *See* 11 U.S.C. § 523(a)(2)(B).

Accordingly, the issues remaining to be resolved are: whether Ms. Wolf made a materially false statement about her financial condition, with intent to deceive. I address these three elements in turn.

Clearway points to several allegedly false statements in the rental application. The one which most clearly relates to Ms. Wolf's financial condition is her representation that she earned $10,000 per month (separate and apart from the earnings of Mr. Wolf). Schwindt Decl., Exh. 1 at 2. I conclude that this information constitutes a statement concerning Ms. Wolf's financial condition. *See Cadwell v. Joelson (In re Joelson)*, 307 B.R. 689, 696 (10th Cir. BAP 2004) (adopting the "narrow interpretation that defines a statement of financial condition to be a statement of a debtor's net worth, overall financial health, or *ability to generate income*." (emphasis added)).

The next question is whether Ms. Wolf's statement concerning her income was materially false. Clearway argues that it is, relying on a purported payroll advice from April 2016. Schwindt Decl., Exh. 4. Clearway claims that the pay advice reflects average monthly income of $5,499.75. *Id.* ¶ 7. I have doubts about this allegation, both because the information in the pay advice is not self-explanatory, and because Clearway has not properly authenticated the document. There is, however, alternate evidence in the record indicating that Ms. Wolf misrepresented her income in the rental application. Debtors' Statement of Financial Affairs ("SOFA") states that her gross wages for 2016 were $15,297, and that she had no income in 2015. ECF No. 1, SOFA at 2, line 4. This court may take judicial notice of its own records under Federal Rule of Evidence 201(c)(1) (applicable through Federal Rule of Bankruptcy Procedure 9017). Moreover, because the SOFA constitutes Ms. Wolf's own statement, it is not hearsay under Federal Rule of Evidence 801(d)(2). I find that Ms. Wolf's income as stated on the rental application is materially false, in comparison to her income for the same year as reported on the SOFA, which she signed under penalty of perjury.

The final question is whether Ms. Wolf made the misstatement with the intent to deceive Clearway. Usually, summary judgment is inappropriate in cases where the court must make a finding of intent. *See Fogal Legware of Switzerland v. Wills (In re Wills)*, 243 B.R. 58, 65 (9th Cir. BAP 1999) (fraudulent intent in § 727 action cannot be decided by summary judgment). This case, however, is one of the exceptions to the general rule. Ms. Wolf's 2016 income, as reported on her SOFA, averages $1,274.75 per month, which is nearly 90% less than the amount she listed on the rental application. The sheer magnitude of the misstatement, in and of itself, supports an inference of intent to deceive. *See In re Gertsch*, 237 B.R. 160, 167-168 (9th Cir. BAP 1999) ("[I]ntent to deceive can be inferred from the totality of circumstances, including reckless disregard for the truth."); *In re Robinson*, 192 B.R. 569, 578 (Bankr. N.D. Ala. 1996) ("Reckless disregard for the truth or falsity of a statement combined with the sheer magnitude of the resultant misrepresentation may combine to produce the inference of intent to deceive." (internal quotation marks and alterations omitted)).

Conclusion

Clearway has proven that Ms. Wolf materially misrepresented her income, and that Clearway reasonably relied on this misrepresentation when leasing property to her.[2]  Thus, Clearway's claim against Ms. Wolf is nondischargeable under § 523(a)(2)(B).  Within fourteen days of the date of this letter, Counsel for Clearway should submit an order granting the Motion as to Ms. Wolf and denying the Motion as to Mr. Wolf.

                Very truly yours,

                *Trish M. Brown*

                Trish M. Brown
                Bankruptcy Judge

---

[2] Although Clearway alleges the existence of other misrepresentations, I need only find one basis upon which to conclude that Clearway's claim is non-dischargeable.  Accordingly, the court makes no ruling concerning the other alleged misrepresentations contained in the rental application.